IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHARRON BANKS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:12-CV-4450-RWS |
| TANNER MEDICAL CENTER, : | |
| INC., : | |
| : | |
| Defendant. : | |

**ORDER**

This case comes before the Court on Plaintiff's Motion to Reconsider the Non-Article III Judge[']s Illegal Involvement That the District Judge Followed in V[io]lation to the Constitution & Procedure [99] ("Plaintiff's Motion for Reconsideration"). On September 10, 2014, this Court issued an Order [94] approving and adopting the Report and Recommendation [89] of Magistrate Judge E. Clayton Scofield, III. Specifically, the Court found that Defendant was entitled to summary judgment as to all claims in Plaintiff's Amended Complaint on the grounds that Plaintiff is judicially estopped from asserting any of her claims. Further, the Court concluded that even if the claims were

AO 72A
(Rev.8/82)

considered on their merits, Defendant would be entitled to summary judgment for the reasons stated in the Report and Recommendation.  Accordingly, the Court denied Plaintiff's four Motions for Default Judgment (Dkt. [48], [55], [63], [65]) and granted Defendant's Motion for Summary Judgment (Dkt. [57]).  Finally, the Court denied as moot Defendant's Motion to Dismiss Pursuant to Rule 37 (Dkt. [76]).  In her present Motion, Plaintiff seeks reconsideration of that Order and further asserts that this Court violated her statutory and constitutional rights.

The Court has considered Plaintiff's arguments but declines to reconsider its previous Order.  Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary."  LR 7.2(E), N.D. Ga.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact."  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind."  Id. at 1259 (quoting

2

Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)).  Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation."  Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).  Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time."  Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

The Court finds that Plaintiff's arguments directed at the Court's prior Order do not fall within the limited range of objections that appropriately may be raised in a motion for reconsideration and, in any event, lack merit.  First, Bryan allows for reconsideration where there is "newly discovered evidence." 246 F. Supp. 2d at 1258-59.  This basis for reconsideration does not apply here because Plaintiff does not allege that any new evidence has come to light.  The second avenue for reconsideration under Bryan also does not apply in this case. Plaintiff  has not shown any intervening development or change in controlling

3

law. Instead, she asserts that the Court made "several grave procedural errors," including allowing Magistrate Judge Scofield to handle portions of the case. (Pl.'s Mot. for Recons., Dkt. [99] at 5.)

Plaintiff thus primarily relies on the third avenue for reconsideration under Bryan, which provides that reconsideration is necessary where there is "a need to correct a clear error of law or fact." 246 F. Supp. 2d at 1259. Plaintiff's substantive arguments are difficult to discern as they are presented over a background of *ad hominem* attacks against the Court, the undersigned, and Magistrate Judge Scofield alleging a practice of discrimination. Plaintiff claims first that the Court did not allow Plaintiff fourteen days to file objections to the Report and Recommendation, as required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2). (Pl.'s Mot. for Recons., Dkt. [99] at 2.) Plaintiff argues that a "proper Court" would "certainly know how to calculate time to not include weekends or holidays, and to add or allow 3 days travel time from the event action filed, and finally to not include the event date of the filing." ("Pl.'s Resp.", Dkt. [116] at 4.) The Report and Recommendation [89] and the Order for Service [90] advising Plaintiff of her right to file objections within 14 days of service of the Report and Recommendation were mailed to

4

Plaintiff on August 22, 2014. Because the time for filing objections is specified as "after service," Plaintiff is afforded the additional three days allowed under Federal Rule of Civil Procedure 6(d).  LR, N.D. Ga. at Appendix H, II(B)(1)(a). Therefore, Plaintiff had seventeen days to file her objections.  The objections period excludes the day the Report and Recommendation was issued, but includes intermediate Saturdays and Sundays.  FED. R. CIV. P. (6)(a)(1)(A-B). The last day of the objections period fell on September 9, 2014.  Plaintiff filed her objections on September 15, 2014, after this Court issued its Order approving the Magistrate Judge's Report and Recommendation on September 10, 2014.  Accordingly, this Court was not in error issuing its Order without considering Plaintiff's objections, and therefore Plaintiff's first contention cannot serve as a basis for reconsideration.         Plaintiff next contends that the Court considered only portions of the record favorable to Defendants.  (Id. at 10.)  Plaintiff also takes issue with the Court's citation to Defendants' statement of material facts.  (Id. at 24.)  In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to

5

draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts"). Magistrate Judge Scofield and this Court considered the full record before ruling on Defendant's motion for summary judgment and found that the evidence presented no genuine issue of material fact. Plaintiff's allegations that the Magistrate Judge improperly considered only the parts of the record that benefitted Defendants cannot serve as a basis for reconsideration. Further, the moving party bears the initial burden of showing the court "the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of

6

a genuine issue of material fact" and "an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25, 106 S. Ct. 2548, 2553-54 (1986); U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437-38 (11th Cir. 1991). Magistrate Judge Scofield cited to Defendants' Statement of Material Facts because Plaintiff did not submit a separate, concise, numbered statement of additional material facts as required by Local Rule 56.1 B(2)(b) (see Report & Recommendation, Dkt. [89] at 16 n.4), and this Court finds that it was not clear error for Magistrate Judge Scofield to do so.

  Plaintiff further argues she cannot be judicially estopped by her representations in the matter before the bankruptcy court because an EEOC investigation is not a "proceeding," and because the doctrine of judicial estoppel is equitable rather than legal in nature. (See Pl.'s Mot. for Recons., Dkt. [99] at 13, 21.) This Court and Magistrate Judge Scofield concluded that Plaintiff is estopped from asserting any of her claims because she failed to disclose them to the Bankruptcy Court when she filed her voluntary petition for bankruptcy. The test for judicial estoppel in the Eleventh Circuit does not require this Court to determine whether the EEOC investigation is a

7


"proceeding." Rather, courts in the Eleventh Circuit must consider two factors: "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." Burnes v. Pemco Aeroplex. Inc., 291 F.3d 1282, 1285 (11th Cir. 2002) (quoting Salomon Smith Barney, Inc., v. Harvey, M.D., 260 F.3d 1302, 1308 (11th Cir. 2001)). The "prior proceeding" relevant to the judicial estoppel inquiry is the bankruptcy proceeding itself. And it was in that proceeding that Plaintiff represented that she was not party to any administrative actions and that she had a "potential claim with [the] EEOC" worth "$0.00." (Def.'s SOMF, Dkt. [57-1] ¶¶ 91-92.) The Magistrate Judge then inferred from the record a deliberate or intentional manipulation by Plaintiff, which satisfied the second prong of the judicial estoppel inquiry. Accordingly, the Court cannot conclude that finding Plaintiff's claims barred by judicial estoppel was a clear error of law or fact such that it must reconsider its earlier Order. Nor does Plaintiff's contention that the equitable doctrine of judicial estoppel cannot apply in a legal proceeding warrant reconsideration. The purpose of the judicial estoppel doctrine is to "prevent a party from asserting a claim *in a legal proceeding* that

8

is inconsistent with a claim taken by the party in a previous preceding."

Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1273 (11th Cir. 2010) (quoting

18 James Wm. Moore, Moore's Federal Practice § 134.30 (3d ed. 2008))

(emphasis added).  Plaintiff's contentions regarding estoppel are therefore

without merit and cannot serve as a basis for reconsideration.

Addressing the substance of her Title VII claims, Plaintiff claims that

"Tanner has not produce[d] one single thread of evidence to show that they did

not discriminate against her." (Id. at 25.)  Plaintiff asks, "[W]hy didn't Tanner

write-up Plaintiff and follow their policy for none performances?  Could it be

because Plaintiff did complete her orientation and worked the assigned nursing

station?"  (Id. at 25.)  But Plaintiff provides no evidence that she completed the

orientation or worked as assigned.  The Magistrate Judge did not consider any

"facts" raised only in Plaintiff's response brief.  Local Rule 56.1 B(2)(b)

requires a separate, concise, numbered statement of additional material facts,

which Plaintiff failed to provide.  Plaintiff argues throughout her submissions to

this Court that this Court must consider her arguments in light of her pro se

status.  "While courts show leniency to pro se litigants not enjoyed by

counseled litigants, this leniency does not permit a court to serve as de facto

9

counsel for a party or to overlook deficiencies in their filings." Brandon v. Lockheed Martin Aeronautical Sys., 393 F. Supp. 2d 1341, 1348 (N.D. Ga. 2005) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir.1998)). "[O]nce a pro se . . . litigant is in court, [s]he is subject to the relevant law and rules of court," including the Local Rules of this district. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Accordingly, this Court cannot conclude that not considering the "facts" raised in Plaintiff's reply was clear error.

Further, when a plaintiff relies on circumstantial evidence to establish discriminatory intent, as Plaintiff does in this case, courts apply a burden-shifting framework to test the sufficiency of the claim. Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1162 (11th Cir. 2006) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). Under the McDonnell Douglas framework, if a plaintiff establishes a *prima facie* case of discrimination, the defendant has the burden of producing a legitimate, non-discriminatory reason for its employment action. Id. Once the defendant has met its burden, "the plaintiff much show that the proffered reason really is pretext for unlawful discrimination." Id. (quotations and citation omitted).

10

"Although the intermediate burdens of production shift back and forth, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff." Id. (quotations and citation omitted). To demonstrate pretext, Plaintiff must provide evidence that reveals "such weaknesses, implausibilities, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable fact finder could find them unworthy of credence." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 771 (11th Cir. 2005). Here, Plaintiff raises rhetorical questions to suggest that Defendant has not carried its burden. On this basis, the Court cannot conclude that it committed clear error in granting summary judgment to Defendant. Plaintiff simply disagrees with the Court's ultimate conclusion, and mere disagreement with the result cannot provide a basis for reconsideration.

Because Plaintiff has not shown that one of Bryan's three bases for reconsideration apply in this case, her motion for reconsideration must be **DENIED**.

11

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Reconsider the Non-Article III Judge[']s Illegal Involvement That the District Judge Followed in V[io]lation to the Constitution & Procedure [99] is **DENIED**.

**SO ORDERED**, this   31st   day of March, 2015.

*Richard W. Story*

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)